But for two exceptions, I concur in the main opinion. I will briefly explain the two exceptions.
The first exception is that I respectfully dissent from affirming summary judgment against the plaintiffs on their failure-to-warn claim. In my opinion, EIFS is a "product." SeeKeck v. Dryvit Sys., Inc., 830 So.2d 1, 12 (Ala. 2002) (Johnstone, J., concurring in part and dissenting in part).
The second exception is that I respectfully dissent from affirming summary judgment against the plaintiffs on theirexpress warranty claim. Contrary to Article III, § 43, Alabama Constitution of 1901, the holding in "The Limited New Warranty" section of the main opinion validating and enforcing the notice-within-one-year condition on the warranty, largely nullifies § 6-2-15, Ala. Code 1975, which voids agreements purporting to shorten times for suing prescribed by statutes of limitations. Notifying is an integral part of suing. The main opinion will allow any warrantor to frustrate § 6-2-15 and to achieve most of the effect of an agreement to shorten the period of a statute of limitations by conditioning the warranty on notice within a period shorter than prescribed by the statute. Neither the holdings in Southern Energy Homes v. Washington,774 So.2d 505, 511 (Ala. 2000), and Copenhagen Reinsurance Co.v. Champion Home Builders Co., 872 So.2d 848, 854-55
(Ala.Civ.App. 2003), cited by the main opinion, nor any other authority supports the validity of such a time condition in derogation of § 6-2-15.